IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PAUL DAVID ELKINS,

    Plaintiff,

v.                                        CIVIL ACTION NO. 2:20-cv-00410

ANDREW SAUL,
Commissioner of Social Security,

    Defendant.

**PROPOSED FINDINGS & RECOMMENDATION**

Plaintiff Paul David Elkins ("Claimant") seeks review of the final decision of the Commissioner of Social Security (the "Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–83f. (ECF No. 3.) By standing order entered on January 4, 2016, and filed in this case on June 18, 2020, this matter was referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence and to submit proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4.) Presently pending before this Court are Claimant's Brief in Support of Judgment on the Pleadings (ECF No. 15) and the Commissioner's Brief in Support of Defendant's Decision (ECF No. 16).

Having fully considered the record and the arguments of the parties, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Claimant's request to reverse the Commissioner's decision (ECF No. 15), **DENY** the

Commissioner's request to affirm his decision (ECF No. 16), **REVERSE** the final decision of the Commissioner, and **REMAND** this action for further proceedings.

## I. BACKGROUND

### A. *Information about Claimant and Procedural History of Claim*

Claimant was 50 years old at the time of his amended alleged disability onset date and 52 years old on the date of the decision by the Administrative Law Judge ("ALJ"). (*See* Tr. at 203.)[1] He completed the eighth grade. (*Id*. at 207.) He has previously been employed as a construction laborer. (*Id*. at 208.) Claimant alleges that he became disabled on February 2, 2017,[2] due to "bad back," "shoulders bad," "knees bad," "ankles bad," "deteriorating disease," high blood pressure, high cholesterol, a hernia, and "heart." (*Id*. at 31–32, 206.)

Claimant protectively filed his application for benefits on February 2, 2017. (*Id*. at 12, 203–04.) His claim was initially denied on March 21, 2017, and again upon reconsideration on July 5, 2017. (*Id*. at 104–08, 120–26.) Thereafter, on July 28, 2017, Claimant filed a written request for hearing. (*Id*. at 127–29.) An administrative hearing was held before an ALJ on January 17, 2019, in Huntington, West Virginia, with the ALJ appearing from Birmingham, Alabama. (*Id*. at 25–61.) On March 6, 2019, the ALJ rendered an unfavorable decision. (*Id*. at 9–24.) Claimant then sought review of the ALJ's decision by the Appeals Council on May 5, 2019. (*Id*. at 198.) The Appeals Council denied Claimant's request for review on May 8, 2020, and the ALJ's decision became the final decision of the Commissioner on that date. (*Id*. at 1–6.)

---

[1] All references to "Tr." refer to the Transcript of Proceedings filed in this action at ECF No. 14.
[2] Claimant initially gave January 1, 2016, as his disability onset date. (Tr. at 213.) He later moved to amend his alleged onset date to his fiftieth birthday, February 2, 2017, which was also the date he filed his SSI application. (*Id*. at 31–32.)

Claimant timely brought the present action on June 17, 2020, seeking judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). (ECF No. 3.) The Commissioner filed an Answer (ECF No. 13) and a transcript of the administrative proceedings (ECF No. 14). Claimant subsequently filed his Brief in Support of Judgment on the Pleadings (ECF No. 15), and in response, the Commissioner filed his Brief in Support of Defendant's Decision (ECF No. 16). As such, this matter is fully briefed and ready for resolution.

B. *Relevant Medical Evidence*

The undersigned has considered all evidence of record, including the medical evidence, pertaining to Claimant's arguments and summarizes it here for the convenience of the United States District Judge.

1. *Opinion Evidence: Dr. Ronald D. Chattin, D.O.*

On December 6, 2016, about three months before Claimant filed his application for his present claim for SSI benefits, his primary care physician, Dr. Ronald D. Chattin, D.O. ("Dr. Chattin") completed a form for Claimant. (Tr. at 230.) Dr. Chattin listed Claimant's diagnoses as chronic low back pain, "DTD Shoulders," "AC Arthropathy," and hypertension, and he gave Claimant a "Fair" prognosis." (*Id.*) When asked to estimate Claimant's ability to engage in no work, sedentary work, light work, or medium work, Dr. Chattin filled in the bubble for the "Unable to work at this time" option. (*Id.*) When asked if Claimant's impairments could be expected to last at least twelve months, Dr. Chattin checked the "YES" option. (*Id.*) And when asked to opine about Claimant's required accommodations to work, Dr. Chattin filled in the bubbles for "Limited Arm Range of Motion," "Ability to Sit/Stand/Shift at Will," "Problems Stooping or Bending," "Balance Issues," "Unscheduled Breaks," and "3 or More Sick Days per Month." (*Id.*) Finally, when

3

asked to "Describe how [Claimant's] activities of daily living, social functioning, concentration, persistence, or ability to tolerate mental demands and stress are affected by the above mentioned diagnosis," Dr. Chattin wrote, "Education level 8th grade." (*Id.*)

C. *Sequential Evaluation Process*

An individual unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months" is considered to be disabled and thus eligible for benefits. 42 U.S.C. § 423(d)(1)(A). The Social Security Administration has established a five-step sequential evaluation process to aid in this determination. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Lewis v. Berryhill*, 858 F.3d 858, 861 (4th Cir. 2017). The ALJ proceeds through each step until making a finding of either "disabled" or "not disabled"; if no finding is made, the analysis advances to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The ultimate burden to prove disability lies on the claimant." *Preston v. Heckler*, 769 F.2d 988, 990 n.* (4th Cir. 1985); *see Bird v. Comm'r of Soc. Sec.*, 699 F.3d 337, 340 (4th Cir. 2012) ("To establish eligibility for . . . benefits, a claimant must show that he became disabled before his [date last insured].").

At the first step in the sequential evaluation process, the ALJ determines whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not engaged in substantial gainful activity, the ALJ moves on to the second step.

At the second step, the ALJ considers the combined severity of the claimant's medically determinable physical and mental impairments. *Id*. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The ALJ gleans this information from the available medical evidence.

4

*See Mastro v. Apfel*, 270 F.3d 171, 177 (4th Cir. 2001). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements will result in a finding of "not disabled." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015).

Similarly, at the third step, the ALJ determines whether the claimant's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). "A claimant is entitled to a conclusive presumption that he is impaired if he can show that his condition 'meets or equals the listed impairments.'" *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013) (quoting *Bowen v. City of New York*, 476 U.S. 467, 471 (1986)).

"If the first three steps do not lead to a conclusive determination, the ALJ then assesses the claimant's residual functional capacity" ("RFC") before proceeding to the fourth step. *Mascio*, 780 F.3d at 635; *see* 20 C.F.R. §§ 404.1520(e), 416.920(e). The claimant's RFC reflects "her ability to perform work despite her limitations." *Patterson v. Comm'r of Soc. Sec.*, 846 F.3d 656, 659 (4th Cir. 2017); *Monroe v. Colvin*, 826 F.3d 176, 179 (4th Cir. 2016) (defining claimant's RFC as "the most the claimant can still do despite physical and mental limitations that affect his ability to work" (alterations and internal quotation marks omitted)); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The ALJ "first identif[ies] the individual's functional limitations or restrictions and assess[es] his or her work-related abilities on a function-by-function basis," then "define[s] the claimant's RFC in terms of the exertional levels of work." *Lewis*, 858 F.3d at 862. "In determining a claimant's RFC, the ALJ must consider all of the claimant's medically

5

determinable impairments . . . including those not labeled severe" as well as "all the claimant's symptoms, including pain, and the extent to which his symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." *Monroe*, 826 F.3d at 179 (alterations and internal quotation marks omitted); *see* 20 C.F.R. §§ 404.1545(a), 416.945(a).

When the claimant alleges a mental impairment, the first three steps of the sequential evaluation process and the RFC assessment are conducted using a "special technique" to "evaluate the severity of [the] mental impairment[]." 20 C.F.R. §§ 404.1520a(a), 416.920a(a); *see Patterson*, 846 F.3d at 659. Considering the claimant's "pertinent symptoms, signs, and laboratory findings," the ALJ determines whether the claimant has "a medically determinable mental impairment(s)" and "rate[s] the degree of functional limitation resulting from the impairment(s)" according to certain criteria. 20 C.F.R. §§ 404.1520a(b), 416.920a(b); *see id.* §§ 404.1520a(c), 416.920a(c). "Next, the ALJ must determine if the mental impairment is severe, and if so, whether it qualifies as a listed impairment." *Patterson*, 846 F.3d at 659; *see* 20 C.F.R. §§ 404.1520a(d), 416.920a(d). "If the mental impairment is severe but is not a listed impairment, the ALJ must assess the claimant's RFC in light of how the impairment constrains the claimant's work abilities." *Patterson*, 846 F.3d at 659.

After assessing the claimant's RFC, the ALJ at the fourth step determines whether the claimant has the RFC to perform the requirements of her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv); *Monroe*, 826 F.3d at 180. If she does not, then "the ALJ proceeds to step five." *Lewis*, 858 F.3d at 862.

The fifth and final step requires the ALJ to consider the claimant's RFC, age, education, and work experience in order to determine whether she can make an

adjustment to other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). At this point, "the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy.'" *Lewis*, 858 F.3d at 862 (quoting *Mascio*, 780 F.3d at 635). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." *Id.* (quoting *Mascio*, 780 F.3d at 635). If the claimant can perform other work, the ALJ will find her "not disabled." 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If she cannot perform other work, the ALJ will find her "disabled." *Id.*

Applying the sequential evaluation process in this case, the ALJ concluded that Claimant had not engaged in substantial gainful activity since the alleged onset of his disability. (Tr. at 14.) She found that Claimant's obesity, chronic back pain, and mild coronary artery disease constituted "severe" impairments. (*Id.* at 14–15.) However, she found that those impairments, or a combination thereof, failed to meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 15.) Upon assessing Claimant's RFC, the ALJ determined that Claimant is able "to perform light work . . . except [he] can frequently climb ramps and stairs; occasionally climb ladders, ropes, or scaffolds; frequently balance and kneel; occasionally stoop, crouch, or crawl; and occasionally reach overhead with the bilateral upper extremities." (*Id.* at 16.)

The ALJ concluded that given the limitations imposed by the Claimant's RFC, he was unable to perform his past relevant work. (*Id.* at 18.) She noted that Claimant is "closely approaching advanced age" and "has a limited education" and that "[t]ransferability of job skills is not an issue in this case." (*Id.*) Because the ALJ determined that Claimant was unable to perform the full range of light work, she enlisted

a vocational expert to aid in her finding that Claimant is capable of working as a garment presser or light fixture assembler. (*Id.* at 18–19.) As a result, the ALJ concluded that Claimant was not "under a disability . . . since February 2, 2017, the date the [SSI] application was filed." (*Id.* at 19.)

## II. LEGAL STANDARD

This Court has a narrow role in reviewing the Commissioner's final decision to deny benefits: it "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and it must be "more than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). In other words, this Court "looks to [the] administrative record and asks whether it contains 'sufficient evidence' to support the agency's factual determinations." *Id.* (alteration omitted). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* "In reviewing for substantial evidence, [this Court] do[es] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Johnson*, 434 F.3d at 653 (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). Even if "reasonable minds [could] differ as to whether a claimant is disabled," this Court upholds the ALJ's decision if it is supported by substantial evidence. *Id.* (quoting *Craig*, 76 F.3d at 589).

## III. ANALYSIS

Claimant argues that the ALJ should have accepted the opinions of his primary care physician, Dr. Chattin, that he was unable to work and would be absent from work at

8

least three days per month. (ECF No. 15 at 5.) Relatedly, he argues that his impairments would cause him to be off-task or absent "in excess of acceptable tolerances," according to the vocational expert's hearing testimony. (*Id.* at 6.) Claimant further asserts that the ALJ erroneously failed to consider the findings from a February 27, 2014 consultative medical examination and that she should have ordered another consultative medical examination or consulted a medical expert about Claimant's functional abilities. (*Id.* at 5–7.) Lastly, Claimant contends that ALJ should have concluded that he "grids out" at the sedentary exertional level pursuant to GRID Rule 201.09. (*Id.* at 7–8.) He asks this Court to reverse the Commissioner's decision and award him benefits or to reverse the Commissioner's decision and remand this matter to the ALJ. (*Id.* at 8.) The Commissioner responds that the ALJ properly evaluated Claimant's subjective complaints and performed the RFC assessment. (ECF No. 16 at 8–14.) He also argues that she was not required to obtain a consultative medical examination or hear medical expert testimony and that GRID Rule 201.09 does not apply to this case. (*Id.* at 14–15.)

A. *Treating Physician's Opinions*

Claimant first argues that the ALJ erred by rejecting his primary care physician's opinions that he was unable to work and would be absent from work at least three days per month. (ECF No. 15 at 5.) When determining whether a claimant is disabled, the ALJ must "evaluate and weigh medical opinions" by considering, among other factors, "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005) (per curiam); *see* 20 C.F.R. §§ 404.1527(c), 416.927(c). "[A] treating physician's opinion on the nature and severity

9

of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Even when a treating physician's opinion is not entitled to controlling weight, the ALJ must consider the factors enumerated above, and his discussion of the weight assigned to the opinion must reflect that he did so. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 385 (4th Cir. 2021) ("While an ALJ is not required to set forth a detailed factor-by-factor analysis in order to discount a medical opinion from a treating physician, it must nonetheless be apparent from the ALJ's decision that he meaningfully considered *each* of the factors before deciding how much weight to give the opinion." (emphasis in original) (citing *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 107 n.16 (4th Cir. 2020); *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000))).

Here, the ALJ gave "little weight" to Dr. Chattin's opinion "that [Claimant] is unable to work." (Tr. at 17.) She explained that the opinion is "reserved to the Commissioner, as well as being vague and not explained," and "not consistent with the evidence of record as a whole as received at the hearing level, particularly in light of [Claimant's] normal to only some mild to moderate examination findings, lack of aggressive treatment, and inconsistent musculoskeletal pain complaints." (*Id.*) The ALJ correctly rejected Dr. Chattin's statement that Claimant is unable to work, as it does not qualify as a medical opinion under the applicable regulations. 20 C.F.R. § 416.927(d)(1). Claimant's representative acknowledged as much during the hearing. (Tr. at 30.)

However, Dr. Chattin also offered other opinions about Claimant's functional abilities. (Tr. at 230.) In addition to his opinion that Claimant would have "3 or More Sick Days per Month," to which Claimant refers in his brief, Dr. Chattin opined that

10

Claimant would need accommodations for his "Limited Arm Range of Motion," "Ability to Sit/Stand/Shift at Will," "Problems Stooping or Bending," "Balance Issues," and "Unscheduled Breaks." (*Id.*) The ALJ did not acknowledge any of these opinions. (*Id.* at 17.) Moreover, it does not appear that she "meaningfully considered" all of the factors set forth in 20 C.F.R. § 416.927(c), since she makes no mention of the treatment relationship between Dr. Chattin and Claimant. The undersigned therefore **FINDS** that the ALJ erred in her evaluation of Dr. Chattin's opinions. However, the undersigned does not suggest that those opinions are entitled to controlling weight, or any weight at all, only that the ALJ must explicitly consider them as required by the regulations. *Farris v. Berryhill*, No. 2:17-cv-02051, 2018 WL 2175884, at *3 (S.D.W. Va. May 11, 2018) ("Courts cannot determine if findings are unsupported by substantial evidence unless the [ALJ] explicitly indicates the weight given to all of the relevant evidence. This is especially true for the opinions of treating physicians." (internal quotation marks and citations omitted)); *Mason v. Colvin*, No. 4:13-cv-00093-D, 2014 WL 4162788, at *5 (E.D.N.C. July 29, 2014) ("While an ALJ is under no obligation to accept any medical opinion, he must nevertheless explain the weight accorded such opinions." (internal citations omitted)).

Claimant's support for his arguments that the ALJ improperly evaluated his subjective complaints, should have accepted the vocational expert's testimony about his "unscheduled breaks" and absenteeism, and should have found him unable to work above the sedentary level of exertion appears to derive largely, if not exclusively, from Dr. Chattin's opinions. (ECF No. 15 at 6, 7–8.) As such, these arguments are more appropriately addressed on remand.

### B. Consultative Medical Examination

Claimant contends that the ALJ erred by declining to consider the findings from a February 27, 2014 consultative medical examination that was ordered in connection with his previous claim for SSI benefits. (ECF No. 15 at 5–6; *see* ECF No. 15-1.) The ALJ explained that she did not use the examination in evaluating Claimant's current claim because it is "dated more than twelve months prior to the alleged onset date in this decision and there is more recent evidence in the present case." (Tr. at 12.) Indeed, as the Commissioner points out, the examination pre-dates Claimant's SSI application date by nearly three years. (ECF No. 16 at 11.) The relevant time period for determining disability on an SSI claim begins on the application date. *See* 20 C.F.R. § 416.202(g) (stating that claimant not eligible for SSI benefits until he files application); *see also id.* § 416.501 ("Payment of benefits may not be made for any period that precedes the first month following the date on which the application is filed . . . ."). Claimant fails to explain how the consultative examiner's findings from the February 27, 2014 examination bear on the issue of whether he is disabled three years later or why they are entitled to more weight than the more recent evidence the ALJ did consider. (ECF No. 15 at 5–6.) The ALJ need only consider evidence preceding the relevant period to the extent that the evidence is probative of the claimant's condition during the relevant period. *See Treadwell v. Colvin*, No. 5:13-cv-370-FL, 2014 WL 4656852, at *10 (E.D.N.C. Sept. 17, 2014) (memorandum and recommendation of magistrate judge) (citing *Corcoran v. Astrue*, No. SKG-08-cv-913, 2009 WL 3100350, at *13 (D. Md. Sept. 22, 2009)); *see also Parker v. Saul*, No. 5:19-cv-3337-KDW, 2021 WL 346548, at *9 (D.S.C. Feb. 2, 2021) ("Evidence from the period between Plaintiff's [date last insured for purposes of Title II of the Social Security Act] and her SSI application date is only relevant to the extent it

12

could establish disability during one of the two relevant periods." (citing *Bird v. Comm'r, Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012))). As such, the undersigned **FINDS** that the ALJ did not err by failing to consider the February 27, 2014 consultative medical examination.

Claimant also argues that the ALJ failed to fully develop the record in this case because she did not order a consultative physical examination or hear testimony from a medical expert. (ECF No. 15 at 6–7.) As the Commissioner points out, the ALJ has the discretion to determine whether such evidence is necessary. (ECF No. 16 at 14.) *Bishop v. Barnhart*, 78 F. App'x 265, 268 (4th Cir. 2003) ("[T]he ALJ has discretion in deciding whether to order a consultative examination."); *Gorayeb v. Astrue*, 845 F. Supp. 2d 753, 760 (N.D.W. Va. 2011) ("[T]he regulations do not contain a requirement for medical expert testimony at hearings and specifically state that the use of a medical expert is discretionary." (citing 20 C.F.R. §§ 404.1527(f)(1)(iii), 416.927(f)(1)(iii))). Generally, an ALJ will order a consultative examination "to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision on [the] claim." 20 C.F.R. § 416.919a(b). At the hearing, the ALJ suggested that a consultative examination was not warranted because "there were a significant amount of treatment notes and records and medical examinations by the Claimant's treating providers." (Tr. at 59–60.) Indeed, the record in this case includes several hundred pages of treatment notes and other medical documentation spanning from April 2015 until January 2019. Claimant has not explained why this evidence fails to present a complete picture of his condition during the relevant period. (ECF No. 15 at 6–7.) He likewise has not identified why an additional RFC assessment from a medical expert was necessary.

(*Id.* at 7.) Accordingly, the undersigned **FINDS** that the ALJ did not err by failing to obtain a consultative physical examination or medical expert testimony.

### IV. CONCLUSION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Claimant's request to reverse the Commissioner's decision (ECF No. 15), **DENY** the Commissioner's request to affirm his decision (ECF No. 16), **REVERSE** the final decision of the Commissioner, and **REMAND** this action for further proceedings.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED** and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause shown. Copies of any objections shall be served on opposing parties and provided to Judge Goodwin.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

ENTER: April 16, 2021

_____
Dwane L. Tinsley
United States Magistrate Judge